FILED
U.S. DISTRICT COURT

2006 FEB -1 P 3: 47

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Jerome Romero (USB #5139)
Lewis M. Francis (USB #6545)
JONES, WALDO, HOLBROOK & McDONOUGH
Attorneys for Plaintiff
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MESHWERKS, INC., a Utah corporation, | |
| Plaintiff, | COMPLAINT |
| vs. | (Jury Demanded) |
| TOYOTA MOTOR SALES U.S.A., INC., a California corporation, GRACE & WILD, INC. dba "DIVISION X", a Michigan corporation, 3D RECON, L.L.C., a Utah Limited Liability Company, SAATCHI & SAATCHI NORTH AMERICA, INC. a California Corporation, and JOHN DOES 1-10, | Judge Tena Campbell<br>DECK TYPE: Civil<br>DATE STAMP: 02/01/2006 @ 15:48:14<br>CASE NUMBER: 2:06CV00097 TC |
| Defendants. | |

Plaintiff Meshwerks, Inc., by and through its counsel of record, alleges as claims for relief against defendants as follows:

### PARTIES

1. Plaintiff Meshwerks, Inc. ("Meshwerks") is a Utah corporation which creates three-dimensional digital models. Its principal place of business is in Ivins, Utah.

729977_1

2. Defendant Toyota Motor Sales U.S.A., Inc. ("Toyota") is a California corporation, which markets and sells automobiles throughout the United States. Toyota's principal place of business is in Torrance, California.

3. Defendant Grace & Wild, Inc., ("G&W") is a Michigan corporation, which engages in the design and production of commercial advertisements using the dba "Division X". G&W's principal place of business is in Farmington Hills, Michigan.

4. Defendant 3D Recon, L.L.C. ("3D Recon") is a Utah Limited Liability Company, with its principal place of business is in Orem, Utah.

5. Defendant Saatchi and Saatchi of North America, Inc. ("S&S") is a California corporation, which provides advertising and marketing services for Toyota, among other clients. On information and belief, S&S's principal place of business is in Torrance, California.

6. Defendant John Does 1 to 10 are as yet unascertained, but may be identified through discovery in this matter, and thereafter named as additional infringing defendants.

## JURISDICTION AND VENUE

7. This Court has exclusive subject matter jurisdiction under 28 U.S.C. § 1338 over plaintiff's claim of copyright infringement.

8. This Court also has personal jurisdiction over the defendants, who either do business in the State of Utah, including sales and advertising, and/or have contracted-for business to be performed in Utah. In addition, one or more of Defendants have directed their conduct at Plaintiff by infringing its copyrights in Utah. As a result, Defendants have as engaged in the transaction of

business in Utah, subjecting them to jurisdiction under Utah's long arm statute, U.C.A. § 78-27-23 and § 78-27-24(1).

9. In addition, Defendants have purposely availed themselves of the benefits of doing business in Utah, satisfying the "minimum contacts" standard for due process under the Fourteenth Amendment.

10. Venue is proper before this court pursuant to 28 U.S.C. §§1391 and 1400, as Utah is the state in which the claims herein arose, and Defendants are subject to personal jurisdiction within this district.

## **GENERAL ALLEGATIONS**

11. Meshwerks creates computer-based three-dimensional ("3D") digital models of various products.

12. Meshwerks has done 3D digital work for defendant G&W on a number of different occasions, which G&W has used to create images for commercials and other advertisements.

13. Through great effort and expense, Meshwerks independently created 3D digital models of a number of Toyota automobiles, including the Tundra, Prius, Solara, Sienna, Rav4, Hilander, Camry, and 4Runner models (collectively "the 3D Models").

14. In or about June of 2003, G&W contracted with Meshwerks for the one-time use of the 3D Models to create a "turntable" style commercial for Toyota, whereby the cars would spin around, showing their various views.

15. In negotiating the price for this use of the 3D Models, G&W made it clear to Meshwerks that they were seeking a one-time use – not an unlimited license or outright purchase – for which Meshwerks would have charged considerably more money.

16. In fact, and given the minimum fee charged, G&W understood that Meshwerks would continue to offer the 3D Models to other customers through its catalog of digital files.

17. While G&W originally agreed to perform any necessary interior detail work on the headlight/taillight housings and logo badges, it later asked Meshwerks to also do that work, and agreed to pay for those additional services.

18. Pursuant to their agreement, Meshwerks provided G&W with the data files containing the 3D Models, along with the extra detail work requested by G&W.

19. Despite being invoiced for the extra detail work, G&W failed and/or refused to pay for Meshwerks for that work totaling $14,000.

20. After using the 3D Models to generate the turntable commercial for Toyota, G&W retained and used the 3D Models to create images for other Toyota projects.

21. In or about September of 2003, G&W also contracted with defendant 3D Recon to generate new images using Meshwerks' 3D Models.

22. Despite being informed by Meshwerks that the 3D Models did not belong to G&W, and that Meshwerks had not authorized their use, 3D Recon used the 3D Models to generate additional models for G&W.

23. On information and belief, G&W also sold and/or gave copies of the 3D Models to other parties for their use, including but not limited to defendant Toyota, and its advertising agency, defendant Saatchi & Saatchi.

24. Defendant Saatchi & Saatchi has in turn provided copies of the 3D Models to other companies and individuals.

25. Defendant Toyota has been and/or is currently using the 3D Models and/or derivatives thereof to advertise its products on its website at www.toyota.com.

26. Toyota has also used the 3D Models to generate derivative images for a "national sales event" commercial which first aired in or about March of 2005.

27. On information and belief, Toyota and or its agents are also using still images generated from the 3D Models for billboard and print advertisements in the United States and other countries throughout the world.

28. Meshwerks has valid copyrights in the 3D Models, and has received registration for each of the 3D Models from the United States Register of Copyrights. Those registration certificates are identified as follows:

    a. 3-D Dimensional Models of 2004 Toyota Camry, TXu1-231-867 (3/28/2005);

    b. 3-D Dimensional Models of 2004 Toyota Siena, TXu1-232-210 (3/28/2005);

    c. 3-D Dimensional Models of 2004 Toyota Solara, TXu1-232-653 (4/4/2005);

    d. 3-D Dimensional Models of 2004 Toyota Rav4, TXu1-243-023 (3/28/2005);

  e. 3-D Dimensional Models of 2004 Toyota 4Runner, TXu1-237-617 (3/28/2005);

  f. 3-D Dimensional Models of 2004 Toyota Tundra, TXu1-258-490 (9/2/2005);

  g. 3-D Dimensional Models of 2004 Toyota Prius, TXu1-269-885 (8/31/2005);

  h. 3-D Dimensional Models of 2004 Toyota Solara, TXu1-232-653 (4/4/2005);

  i. 3-D Dimensional Models of 2004 Toyota Sienna, TXu1-232-210 (3/28/2005)

29. Meshwerks has informed Defendants that their copying, use and distribution of the 3D Models is not authorized, and that they are infringing Meshwerks' copyrights in those 3D Models.

30. However, even following such notification, Defendants have continued to copy, use, and distribute Meshwerks' 3D Models.

31. Defendants' unauthorized copying, use and distribution of the 3D Models is willful and intentional.

32. Meshwerks has been damaged by Defendants' actions, as they have destroyed and/or are destroying any commercial market for its 3D Models.

33. Defendants have profited from their unauthorized use of the 3D Models.

## *CLAIMS FOR RELIEF*

### FIRST CAUSE OF ACTION
### (Preliminary Injunction Against Continuing Infringement)

34.     Plaintiff realleges and reasserts the foregoing allegations, which are incorporated herein by reference.

35.     To prevent irreparable injury to it, Meshwerks requests that the Court enter an order as explicitly provided for in the Copyright Act, 17 U.S.C. § 502, and the Federal Rules of Civil Procedure, preliminarily enjoining Defendants from any further use, copying or distribution of its 3D Models, and/or any images derived therefrom.

36.     As a result, the Court should order that:

> Defendants shall be restrained and enjoined, pending a trial on the merits, from using, copying or distributing the 3D Models and/or any derivatives thereof, including but not limited to any such use on defendant Toyota's website and/or in any commercials or printed materials.

37.     Based on the evidence Meshwerks can and will submit to Court, there is a substantial likelihood that it will prevail on the merits of its copyright infringement claims.

38.     Defendants' continued unauthorized copying, use, and distribution of the 3D Models is causing and will continue to cause irreparable injury to Meshwerks.

39.     The law recognizes that the lost trade that arises from copyright infringement is, by its very nature, irreparable injury deserving of preliminary injunctive relief.

40.     The loss to Meshwerks by failing to grant preliminary relief is the loss of revenue resulting from the unauthorized use of the 3D Models, and the dissipation of their commercial value. The only harm to Defendants is in depriving them of their unauthorized use and distribution.

Consequently, the harm to Meshwerks by not granting relief clearly outweighs the potential of harm to Defendants from enjoining its conduct.

41.  It is also in the public's interest to enforce the Copyright Act, and to enjoin Defendants' infringing use of the 3D Models.

WHEREFORE, Plaintiff is entitled to relief as requested in is Prayer for Relief.

## SECOND CAUSE OF ACTION
**(Copyright Infringement, 17 U.S.C.A. §§ 101 et seq.)**

42.  Plaintiff realleges and reasserts the foregoing allegations, which are incorporated herein by reference.

43.  Meshwerks has valid copyrights in the 3D Models, for which it has received registration certificates from the United States Copyright Office.

44.  Defendants obtained access to the data files comprising the 3D Models as a result of G&W's authorized one-time use.

45.  In contrast, Defendants' continued, use, copying and distribution of the 3D Models infringes Meshwerks' copyrights.

46.  Defendants' creation of derivative works from the 3D Models also violates Meshwerks' copyrights.

47.  As a result of Defendants' infringement of its copyrights, Meshwerks is entitled to recover the actual damages suffered as a result of such infringement, as well as all of Defendants' profits attributable to the infringement.

48.     Meshwerks is also entitled to both a temporary and permanent injunction preventing Defendants from using, copying, and/or distributing its 3D Models, as well as any derivative images generated from them.

WHEREFORE, Plaintiff is entitled to relief as requested its Prayer for Relief.

### THIRD CAUSE OF ACTION
### (Breach of Contract Against Defendant G&W)

49.     Plaintiff realleges and reasserts the foregoing allegations, which are incorporated herein by reference.

50.     In or about June of 2003, Meshwerks agreed to provide G&W with the 3D Models for their one-time use in generating a "turntable" style commercial for Toyota.

51.     Defendant G&W subsequently asked Meshwerks to do additional interior detail work, for which it also agreed to pay.

52.     Meshwerks performed the additional requested work, requiring substantial time and expense.

53.     Meshwerks invoiced G&W for the additional work, which totaled $14,000.

54.     G&W has failed and/or refused to pay the invoiced amount, although it accepted and used the additional work generated by Meshwerks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Meshwerks, Inc. ("Plaintiff") prays for the following relief against defendants Toyota Motor Sales U.S.A., Inc:, Grace & Wild, Inc., 3D Recon, LLC, and Saatchi & Saatchi, Inc. (collectively "Defendants"),

1.  On its First Cause of Action, for an Order preliminarily enjoining Defendants from using, copying and/or distributing the 3D Models, as well as any derivative works generated from them.

2.  On its Second Cause of Action for Copyright Infringement, for A) an Order permanently enjoining Defendants from using, copying and/or distributing the 3D Models, as well as any derivative works generated from them, and B) for damages against all Defendants, individually and severally, in excess of $500,000, and measured as:

    a.  Meshwerks' lost sales, accounts, and business opportunities; and

    b.  Defendants' unjust enrichment, including but not limited to, all of their profits attributable to the unauthorized use of the 3D Models.

3.  On its Third Cause of Action for Breach of Contract, for damages against defendant Grace & Wild, Inc., in the amount of $14,000.

4.  Treble damages based on Defendants' knowing and willful infringement;

5.  Attorneys' fees and costs incurred in bringing this action;

6.  Pre-judgment interest if applicable; and

7.  For such other or further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby requests a jury on all claims and issues raised in this matter which may be tried before a jury.

DATED this 1st day of February, 2006.

JONES WALDO HOLBROOK & McDONOUGH PC

By: _____
Jerome Romero
Lewis M. Francis
Attorneys for Plaintiff

Plaintiff's Address:

Meshwerks, Inc.
831 North Agave Court
Ivins, Utah 84738

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MESHWERKS, INC., a Utah corporation

(b) County of Residence of First Listed Plaintiff __Salt Lake__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jerome Romero, Esq.
Lewis M. Francis, Esq.
JONES WALDO HOLBROOK & McDONOUGH
170 S. Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200

## DEFENDANTS

TOYOTA MOTOR SALES U.S.A., INC., a California corporation; GRACE & WILD, INC., a Michigan corporation; 3D RECON, L.L.P., a Utah limited liability company; SAATCHI & SAATCHI NORTH AMERICA, INC., a California corporation; and JOHN DOES 1-10

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED U.S. DISTRICT COURT
2006 FEB -1 P 3:47
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits |  | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1338

Brief description of cause:
17 U.S.C. §§ 101 et seq. Copyright Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

693198v1

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 02/01/2006 @ 15:48:14
CASE NUMBER: 2:06CV00097 TC

| VIII. RELATED CASE(S) IF ANY | (See instructions): JUDGE _____ | DOCKET NUMBER_____ |

_____2/1/2006_____  _____[signature]_____
DATE                  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

693198v1